*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*



# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### MODESTO DIVISION

In re
)   Case No   09-93249-E-11
)   Docket Control No   MDG-19
MICHAEL KENNETH NEMEE and   )
MICHELLE SEOBHAN McKEE NEMEE, )
)
Debtor(s)   )
_____ )

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion**

### MEMORANDUM OPINION AND DECISION

In this voluntary Chapter 11 bankruptcy case commenced by Michael and Michelle Nemee ("Nemees"), for which they are serving as the Debtors-in-Possession, the court issued an order terminating the automatic stay on February 14, 2012   With this order, Community Bank of San Joaquin (the "Bank") was no longer stayed from exercising its rights to nonjudicially foreclose on two parcels of real property on which the Nemees constructed a golf course (the "Real Property") and a power of sale for specified personal property (the "Personal Property") which secures the Bank's claims in this case   The court's findings of fact and conclusions of law in determining that relief from the stay was proper are set forth in the 23-page Civil Minutes for the

February 9, 2012 hearing   Dckt   545   The court's analysis
included the operation of the bankruptcy estate by the Nemees as
the debtors-in-possession, the operation of the golf course by
Trinitas Enterprises, LLC ("Trinitas"), the Nemees' limited
liability company which is property of the bankruptcy estate, the
financial condition of the bankruptcy estate after more than two
years bankruptcy protection, the value of the Real Property and
Personal Property, whether the Real Property and Personal Property
were necessary to an effective reorganization, the monthly
operating reports filed by the Nemees, and whether the interests of
the Bank were adequately protected

    The Nemees appealed the order terminating the automatic stay
to the district court   Notice of Appeal, Dckt   556   On March 6,
2012, the Nemees filed a Notice of Withdrawal, abandoning the
appeal of the order granting relief from the automatic stay   The
order granting relief from the stay is a final order

    The Nemees are currently prosecuting an appeal of a judgment
entered by this court in an adversary proceeding determining that
the construction and operation of a commercial golf course on the
Real Property were and are in violation of the Calaveras County
Zoning Ordinances   ("Land Use Judgment")   The district court
issued a stay pending appeal on the injunctive relief portion of
this court's judgment   In its decision for the issuance of the
stay, the district court noted that the Nemees could well lose the
property which was the subject of the appeal through foreclosure by
the Bank   *Nemee v   County of Calaveras*,   E D   Case CV F 12-0002
LJO JLT, Dckt   19

///

2

## MOTION TO REINSTATE STAY

The Nemees have filed the present Motion, which is titled "Motion to Reinstate Automatic Stay Until a Final Judgment is Issued by the District Court in the Appeal of Adversary No 09-09088 " From its title, it appears that the Nemees are seeking the equivalent of a stay pending appeal pursuant to the Land Use Judgment which the Bank is not a party  No request has been made for this court to vacate that order pursuant to Federal Rule of Civil Procedure 60 and Federal Rule of Bankruptcy Procedure 9024

The Motion requests the court to "Impose the Automatic Stay" to prevent the Bank from foreclosing on the golf course property "until the parties can reach an agreement on compensation to the bank in the interim or until the District Court issues its ruling on the appeal of the Adversary case No  09-09088 "  From this description the court understands the relief request is for this court to fashion a new "automatic stay" (to replace the one which was terminated) so that the Nemees may use it to induce (or compel) the Bank to "agree" not to foreclose on the Real Property until, years down the road, the appeals of this court's Land Use Judgment are exhausted

The grounds pled with particularity for the relief requested (as required by Federal Rule of Bankruptcy Procedure 9013) are

1    On February 14, 2012, the bankruptcy court issued an order granting relief from the automatic stay to the Community Bank of San Joaquin

2    On February 17, 2012, the district court entered a stay pending appeal of the judgment in Adversary Proceeding No   09-09088

3   The Nemees have attempted to negotiate a resolution of
    the defaults on the obligations owing to the Bank which
    are secured by the Real Property and Personal Property
    that are the subject of the nonjudicial foreclosure sales
    and the Personal Property sale

4   Community Bank of San Joaquin has the nonjudicial
    foreclosure sales set for April 17, 2012

5   The district court in the appeal of this court's judgment
    in the Adversary Proceeding "indicated an intent to
    dismiss the appeal if the Bank forecloses on the debtor's
    real property "

6   The Nemees propose to service the full interest on the
    obligation secured by the Bank's deed of trust on the
    160-acre parcel in the amount of $2,100 00, in addition
    to the $6,300 00 a month payment to the Bank previously
    required by the court    (The $6,300 00 was ordered by the
    court to protect the erosion of the Bank's second lien
    position on the 120-acre parcel due to the accruing of
    interest at 10% per annum and interest on delinquent
    property taxes    Civil Minutes, Dckt   341 )

7   It is alleged that the Rishwain Creditors are willing to
    waive "the interest accumulation on the 120-acre parcel
    during the pendency of the appeal "

4

1   **Legal Authorities Presented by Nemees**[1]

2      The Nemees direct the court to consider the holding of the
3   Ninth Circuit Court of Appeals in *Solidus Networks, Inc   V   Excel*
4   *Innovations, Inc   (In re Excel Innovations*, 502 F 3d 1086 (9th Cir
5   2007) as the authority for the proposition that the court may
6   Impose an Automatic Stay   It is asserted by the Nemees that
7   pursuant to 11 U S C  § 105(a) there is a free floating authority
8   for the court to Impose an Automatic Stay without regard to the
9   provisions of 11 U S C  § 362(d)(1),  (2),  (3), and  (4)  for
10  termination of the automatic stay created by Congress in 11 U S C
11  § 362(a)   The Nemees also direct the court to a 1993 district
12  court case from the District of Colorado for the proposition that
13  this court may reinstate the automatic stay notwithstanding a
14  previous order   terminating the stay   *In re Twenver, Inc* , 149
15  B R  950 (D  Colo  1993)

16     It is further contended that an order "Imposing an Automatic
17  Stay" pursuant to 11 U S C  § 105(a) does not require the court to
18  consider the normal grounds for injunctive relief and the court
19  does not need to determine that there is an inadequate remedy at
20  law or irreparable harm   The Nemees assert that even if the normal

21

22

23  [1]   In filing the present motion, counsel for the Nemees has
    chosen to ignore the requirements of Local Bankruptcy Rule 9014-1
    and the Revised Guidelines for Preparation of Documents by
24  combining his points and authorities with the motion   The rules
    of the court apply to all parties in this district and counsel
25  before this court   No party should consider the court not
    dismissing this motion out of hand for failure of experienced
26  counsel to comply with the Local Bankruptcy Rules a warrant for
    counsel not to comply with the rules in this District or that
27  this counsel or his clients are entitled to special treatment in
28  any proceedings before the court   Given the significance of the
    issues presented, the court considers the Motion

1 injunctive relief standards are applied, because the district court
2 concluded that there would be significant hardship in connection
3 with the appeal of the Land Use Judgment, the Nemees are entitled
4 to a stay against the Bank

5    The Nemees argue that if this court does not impose an
6 Automatic Stay then the Land Use Judgment appeal may well be
7 meaningless because the estate will lose the real property to
8 foreclosure  They now assert that the district court has indicated
9 that it may dismiss the appeal if the foreclosure occurs   Further,
10 the Nemees allege that the creditors will be harmed it the real
11 property is lost to foreclosure, because if the appeal is
12 dismissed, the estate may lose the right to prosecute a claim for
13 damages against various former employees of Calaveras County   As
14 pointed out by counsel for Calavaras County, the district court
15 requested that the parties brief this issue, and has not stated it
16 will dismiss the appeal in the event of a foreclosure Scheduling
17 Order, E D  Cal  Case No  12-0002 LJO JLT Dckt  22

### Injunctive Relief is Properly Requested Through an Adversary Proceeding

20    Federal Rule of Bankruptcy Procedure 7001(7) requires that
21 injunctive relief be obtained through an adversary proceedings
22 This provides the parties with all of the normal litigation
23 protections and procedure, including Federal Rule of Civil
24 Procedure 65, which is incorporated into Federal Rule of Bankruptcy
25 Procedure 7065   As stated in 2 Collier on Bankruptcy, 16th
26 Edition, ¶ 105 03[4], "Courts have been near universal in reversing
27 injunctions which have been issued without compliance with Rule
28 7001 "  *State Bank of S  Utah v  Glenhill (In re Glenhill)*, 76 F 3d

6

1070, 1080 (10th Cir 1996), *Feld v Zale Corp (In re Zale Corp )*,
62 F 3d 746 (5th Cir 1995), *Wedgewood Inv Fund, Ltd v Wedgewood*
*Realty Group, Ltd (In re Wedgewood Realty Group, Ltd )*, 878 F 2d
693, 701 (3rd Cir 1989), *In re Martin*, 268 B R 168 (Bkcy E D
Ark 2001), affd 271 B R 333 (B A P 8th Cir 2002), *Ramirez v*
*Whelan (In re Ramirez)*, 188 B R 413, 416 (B A P 9th Cir 1995)
(Klein, J, concurring), *Tighe v Mora (In re Nieves)*, 290 B R 370
(Bkcy C D Cal 2003)

No adversary proceeding has been filed seeking the imposition
of a stay as to the Bank exercising its rights under the deeds of
trust   Instead, the Nemees have merely filed a motion in the
bankruptcy court and requested that injunctive relief be issued
No injunctive relief may properly be granted pursuant to the motion
now before the court

Notwithstanding the Nemees having failed to properly request
the relief and the issuance of an order which would be all but sure
to be reversed, the court considers the merits of the request

**Scope of 11 U S C § 105 Power**

The foundation upon which the request for this court to Impose
an Automatic Stay presented by the Nemees is *In re Excel*
*Innovations*   It is asserted that in the Ninth Circuit (1) under
§ 105(a) the court may issue an injunction to protect property of
the estate, (2) that the Nemees do not need to comply with the
usual standard for the issuance of a preliminary injunction does
not apply when issued pursuant to § 105(a), and (3) the Nemees do
not need to demonstrate an inadequate remedy at law or irreparable
harm   Nemees combined Motion and Points and Authorities, p 2 34,
3 1-7   This is a misstatement of that holding

1     The actual ruling of the Ninth Circuit Court of Appeals in *In*
2  *re Excel Innovations* is limited to when the bankruptcy court issues
3  injunctive relief to protect a non-debtor who is not afforded
4  protection by the automatic stay

5          Under 11 U S C  § 105(a), a bankruptcy court "may issue
       any order, process, or judgment that is necessary or
6       appropriate to carry out the provisions of this title "
       Section 105(a) gives the bankruptcy courts **the power to**
7       **stay actions that are not subject to the 11 U S C  §**
       **362(a) automatic stay** but "threaten the integrity of a
8       bankrupt's estate " *Canter v  Canter (In re Canter)*, 299
       F 3d 1150, 1155 (9th Cir  2002) (citation and quotation
9       marks omitted),  *Ingersoll-Rand Fin  Corp  v  Miller*
       *Mining Co* , 817 F 2d 1424, 1427 (9th Cir  1987)

10

11  *In re Excel Innovations*, 502 F 3d at 1093 (emphasis added)   On its
12  face, the authority presented by the Nemees states that it does not
13  apply to the present situation – where the automatic stay did apply
14  to the property of the estate but the court terminated the stay
15  pursuant to the terms of 11 U S C  § 362(d)(1) and (2)

16     The Nemees also misstate the holding in *Excel Innovations* with
17  the representation that the usual standards for the issuance of a
18  preliminary injunction do not apply if it is based on § 105(a)
19  The express language in *Excel Innovations* is clearly to the
20  contrary, "We hold that the usual preliminary injunction standard
21  applies  to  stays  of  proceedings  against  non-debtors  under
22  § 105(a) " *Id* , 1094   The court finds no basis for the contention
23  that the Ninth Circuit Court of Appeals has ruled that the normal
24  standards for issuance of a preliminary injunction do not apply
25  even when considering such relief to protect a non-debtor who did
26  not have the benefit of the automatic stay   As stated by the Ninth
27  Circuit Panel, the failure of a trial court to properly apply the
28  standard  for  the  issuance  of  a  preliminary  injunction  when

8

considering granting injunctive relief for a non-debtor constitutes
reversible error    *Id* , 1096 [2]

**The 11 U S C  § 105 Power is Not Exercised in Contravention of The Bankruptcy Code**

The Nemees have requested this relief in a manner to suggest
they believe that the 11 U S C  § 105(a) power is a free floating
authorization to do whatever the judge believes appropriate on an
*ad hoc* basis irrespective of other provisions of the Bankruptcy
Code   Such a contention has long been rejected by the courts   *In
re Lloyd*, 37 F 3d 271 (7th Cir  1994) (not grant the court "free
floating discretion" to create rights outside of the Bankruptcy
Code),  *In re Fesco Plastics Corp*, 996 F 2d 152 (7th Cir  1993)
(court may not employ its equitable powers to achieve result not
contemplated by the Code), *United States v Sutton,* 786 F2d 1305

---

[2]   There is also the issue of whether the court can create a
new "automatic stay" when the automatic stay established by
Congress has been terminated   By its very nature a new stay
created by the court is not "automatic "  In an earlier decision,
the Ninth Circuit Court of Appeals noted that once the "automatic
stay" has been terminated, the automatic stay cannot be
reinstated as an "automatic stay "

> The district court could not have been activating an
> automatic stay  The automatic stay is "self-executing,
> effective upon the filing of the bankruptcy petition "
> *In re Gruntz,* 202 F 3d 1074, 1081 (9th Cir  2000), see
> 11 U S C  § 362(a)   Because the stay under § 362 is
> "automatic" and "self-executing" only upon the filing
> of a bankruptcy petition, no authority exists for
> "reinstating" an automatic stay that has been lifted
> We have expressly recognized that "the bankruptcy
> automatic stay is differentiated from a bankruptcy
> court-ordered injunction, which issues under 11 U S C
> § 105 " *Andreiu v  Reno,* 223 F 3d 1111, 1121 n 4 (9th
> Cir  2000)

*Canter v  Canter (In re Canter),* 299 F 3d 1150, 1155 fn  1 (9th
Cir  2002)

9

1  (5th Cir 1986) (must be exercised consistent with the provisions

2  of the Bankruptcy Code)

3      Congress created the automatic stay provisions of 11 U S C

4  § 362(a) to protect the estate, debtor, and creditors

5          The automatic stay is one of the fundamental debtor
           protections provided by the bankruptcy laws  It gives the
6          debtor a breathing spell from his creditors  It stops all
           collection efforts, all harassment, and all foreclosure
7          actions  It permits the debtor to attempt a repayment or
           reorganization plan, or simply to be relieved of the
8          financial pressures that drove him into bankruptcy

9          The automatic stay also provides creditor protection
           Without it, certain creditors would be able to pursue
10         their own remedies against the debtor's property  Those
           who acted first would obtain payment of the claims in
11         preference to and to the detriment of other creditors
           Bankruptcy is designed to provide an orderly liquidation
12         procedure under which all creditors are treated equally
           A race of diligence by creditors for the debtor's assets
13         prevents that

14  H  Rpt  No  95-595, at 340 (1977), *reprinted in* Vol  C COLLIER ON

15  BANKRUPTCY App  Pt  4(d)(1), at App  Pt  4-1472 (Alan N  Resnick &

16  Henry J  Sommer eds  16th ed )

17      Congress also created the grounds upon which the automatic

18  stay would cease or when a creditor had the right to have the

19  automatic stay terminated, vacated, modified, conditioned or

20  annulled   11 U S C  § 362(c) and (d)    Previously the court

21  conditioned the continuation of the automatic stay on the Nemees

22  paying the Bank an amount equal to the interest accruing at 10% per

23  annum on the debt secured by a senior lien held by Mark and

24  Michelle  Rishwain  ("Rishwain  Creditors")  to  secure  their

25  $666,479 45 claim and accrual of interest for past due property

26  taxes   April 4, 2011 Order, Dckt  342, Civil Minutes, Dckt  341

27  On February 14, 2012, this court entered its order terminating the

28  automatic stay to allow the Bank to exercise its rights to conduct

10

1 nonjudicial foreclosure sales against the two parcels of real
2 property and certain Personal Property    Dckt   546    In its
3 findings of fact and conclusions of law the court determined that
4 grounds existed for so terminating the automatic stay pursuant to
5 11 U S C  § 362(d)(1) and (2)   Civil Minutes, Dckt  545

6      In  granting  relief  from  the  automatic  stay  the  court
7 determined that there was no equity in the Real Property and
8 Personal Property for either the Nemees or the bankruptcy estate
9 and  that  this  property  was  not  necessary  for  an  effective
10 reorganization   11 U S C  § 362(d)(2) grounds   As part of its
11 analysis, the court reviewed the Schedules filed by the Nemees,
12 balance sheets for the Trinitas, which were attached to the
13 Schedules, Statement of Financial Affairs, and 27 monthly operating
14 reports filed by the Nemees during the pendency of this bankruptcy
15 case   The court considered how Trinitas failed to pay rent or fees
16 to the estate until the adequate protection payments were ordered
17 by the court, there was no golf course operation as part of the
18 bankruptcy, and all business operations and revenues relating to
19 the golf course were outside of the estate   The court also noted
20 that as any revenues increased for the estate, the Nemees' personal
21 expenses increased, exhausting all cash flow   The court considered
22 the actual financial conduct of the Nemees, how they operated the
23 bankruptcy estate as fiduciaries, and the efforts they made to
24 proceed with any  type of effective reorganization

25      The court also determined that relief from the automatic stay
26 was proper for cause, there being a lack of adequate protection
27 11 U S C  § 362(d)(1) grounds   The court considered the interests
28 of the estate, the Bank, and creditors   This included a review of

11

the hardships imposed on the various parties   The Civil Minutes for that hearing reflect that the Rishwain Creditors appeared and stated that they had discussed with the Nemees that they would forebear the further accrual of interest so monies could be used to pay taxes   When the court ordered the adequate protection payments in April 2011, the Nemees argued that they were negotiating with the Rishwain Creditors to cease the accrual of interest on their claim   The Rishwain Creditors were not present at that hearing Between April 2011 and February 2012 it appeared that nothing was done by the Nemees with respect to the Rishwain Creditors accrual of interest at 10% per annum

## The Requested Injunctive Relief is Inconsistent With the Bankruptcy Code On the Facts Before the Court

The Nemees have not requested that the court vacate its prior order pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9023   The Nemees have not appealed the order granting relief from the stay on its merits or obtained a stay of that order pending an appeal   The order terminating the stay is a final order of this court

What the Nemees request is that the court impose a new injunction   The Motion does not address what has changed, if anything, as to the merits of the order granting relief from the stay or the debtor-creditor relationship with the Bank   Rather, it is asserted that the Bank should be stayed to assist the Nemees based on what is occurring in the Land Use Judgment appeal

At oral argument the Nemees and the Rishwain Creditors contended that it was unfair to let the Bank foreclose, as the only way they saw to pay creditors which unsecured claims was through

12

the successful litigation on appeal and the further development of
the golf course   They believed that it was inappropriate to let
one creditor resort to its collateral if the effect was to preclude
the Nemees from achieving their goal of having a commercial golf
course (irrespective of whether the Nemees could demonstrate that
there was the potential for an effective reorganization) since that
was perceived as the only potential reorganization

     To impose a stay on the grounds requested by the Nemees is
directly in conflict with the creation, grounds for termination,
and purpose of the automatic stay   The stay in a bankruptcy case
is not to indefinitely preclude a creditor with a secured claim
from resorting its collateral to be paid something while the
debtors and creditors with unsecured claims exhaust every scheme
and remote possibility to make something for their unsecured
claims

     It was argued, unrealistically, that the Nemees were not
seeking an indefinite stay, but only four or five months while the
briefing for the pending appeal was prepared   No reason was given
as to why such a stay would be requested solely for the briefing of
the appeal to the district court   Further, the Nemees ignore that
it is highly likely the decision of the district court, whenever
that may be issued after the briefs were filed, would then be
appealed to the Ninth Circuit Court of Appeals (which the Nemees
would have to appeal if they lost and the County would likely
appeal if they lost)   For any injunction to have a meaningful
effect it would have to be most likely at least two years in
duration

     The Nemees did not demonstrate to the court that the Real

Property and Personal Property were necessary to any effective reorganization   The Nemees did not demonstrate to the court that the interests of the Bank were adequately protected      In determining the motion for relief from the automatic stay, the Nemees had the burden of proof of these issues 11 U S C  § 362(g)  They did not carry the day   In connection with the present motion, the Nemees have not presented the court with substantial evidence of any change in that situation    A new stay under these circumstances would be in derogation of the provisions of 11 U S C  § 362(d)

**Even if Properly Before the Court, The Nemees Have Not**
**Show Grounds for Issuance of Preliminary Injunction**

The Nemees have failed to show proper grounds for the issuance of injunctive relief (even if they had commenced the necessary adversary proceeding)   As stated by the Ninth Circuit in *Excel*, preliminary injunctive relief is granted based on two alternative tests   The first requires a showing of (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest   Under an alternative test, a court may grant the injunction if the plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor   A bankruptcy debtor is seeking a stay pursuant to 11 U S C  § 105(a) must also show a reasonable likelihood of a successful reorganization *In re Excell Innovations, Inc* , 502 F 3d at 1095

14

1    With respect to a reasonable likelihood of a successful
2  reorganization, the court has previously determined that the Real
3  Property and Personal Property subject to the Bank's lien was not
4  necessary to an effective reorganization   Further, that the Bank's
5  interests were not adequately protected during further delays
6  (after more than two years in bankruptcy) in restraining it from
7  foreclosing on the Real Property   Nothing has been presented to
8  the court which alters that determination    At best, it has been
9  argued that the foreclosure needs to be stayed so that the Nemees
10  can retain the Real Property and try to operate a golf course if
11  they ultimately prevail over Calaveras County on the appeal
12  Merely because a debtor wants property for a perceived
13  reorganization does not mean that the property is <u>necessary</u> for an
14  <u>effective</u> reorganization

15    The Nemees offer little, if any, analysis of the injunctive
16  relief factors    The limited discussion of the preliminary
17  injunction standards relates to the Land Use Judgment appeal by the
18  Nemees of the judgment obtained by Calaveras County (to which the
19  Bank is not a party)   The balancing of equities is between the
20  Nemees and Calaveras County, and the hardship to the Nemees if
21  Calaveras County was not stayed from enforcing the judgment against
22  the Nemees to stop the operation of the golf course   However, this
23  does not adequately address the merits of any injunction against
24  the Bank

25    Possibly as part of the balancing of the hardships, the Nemees
26  make several allegations    First, that they have attempted to make
27  proposals to the Bank, but contend that they have not received
28  responses   The Bank argues that it has communicated its position

1   as to what amount is necessary to obtain its consent – which was
2   asserted to be a number which the Nemees and some vaguely
3   referenced group of investors apparently do not like   No evidence
4   of such offers and counter-offers has been presented to the court

5       The Nemees repeated their argument that the Bank should be
6   treated as a joint venturer for having loaned the money when it
7   knew (and Nemees knew) that no permits were obtained for
8   constructing the golf course   The Nemees go so far as to argue
9   that the Bank somehow acted wrongfully in lending the money that
10  the Nemees requested and used to construct the golf course they
11  desired   In making this argument, the Nemees appear to disavow any
12  responsibility for obtaining the loans when they knew that they did
13  not have the permits or then existing zoning and gambled on being
14  able to change the zoning on the Real Property in time to borrow
15  more money from another lender to pay off the debt to the Bank
16  (The history of the Nemees' transactions with the Bank and
17  development of the golf course are reviewed in detail in this
18  court's Memorandum Opinion and Decision in Bankr  E D  Cal  Adv
19  No  09-9088, Dckt  235 )  As the Bank argues, while contending that
20  the Bank should be treated as a joint venturer and be enjoined from
21  foreclosing on the Real Property and Personal Property, the Nemees
22  have never asserted that the Bank is a co-owner of the golf course
23  or entitled to the profits from its operation

24      Further, the Nemees present the court with a situation that if
25  they win on appeal, the Nemees win and then at best try to figure
26  out how to pay the Bank at its contract rate of interest years
27  later   However, if the Nemees lose on appeal, the Bank is left to
28  its collateral which the Nemees have used for years without making

16

1  substantial payments to the Bank    In this gamble the Nemees use
2  the Bank's collateral and have nothing at risk if they lose

3      The Nemees suggest that they make two new payments, neither of
4  which were supported by any evidence of ability to pay    First,
5  they propose a payment of $2,100 00 to be applied to interest to
6  the Bank for its loan secured by the deed of trust against the 160-
7  acre parcel    This is to be in addition to the $6,300 00 a month
8  payment under the adequate protection order for the interest
9  accrual on the Rishwain Creditor's senior lien on the 120-acre
10 parcel and accrual of interest on the delinquent taxes    No
11 evidence is given as to how and why the Nemees can now generate
12 that money    As discussed in the findings of fact and conclusions
13 of law for the order granting relief from the stay, the monthly
14 operating reports demonstrate that the Nemees are not able to
15 generate any additional monies beyond their living expenses and
16 paying the existing adequate protection payments

17     The second proposed payment is to make $5,000 00 a month
18 payments on the taxes    No explanation is provided as to why now,
19 more than two years later, some thought is given to making the tax
20 payments    No evidence is provided as to the ability to make
21 $5,000 00 a month payments or the source of those monies

22     At oral argument counsel for the Nemees made vague references
23 to investors who would be willing to make the payments    These
24 shadowy "investors" were not presented to the court and no
25 explanation was given as to whether this was to be post-petition
26 credit obtained by the Nemees, sale of assets of the estate, sale
27 of assets of Trinitas, or gifts to the estate

28

17

**CONCLUSION**

The court cannot properly grant the injunctive relief requested on this motion filed in the bankruptcy case  Even if the Nemees properly filed an adversary proceeding and sought the requested injunctive relief as provided under Federal Rule of Civil Procedure 65 and Federal Rule of Bankruptcy Procedure 65, such relief is not proper in this case  Exercise of the 11 U S C § 105(a) power as requested to impose a new stay conflicts with the Bankruptcy Code under the facts before the court  It has been determined by final order, for which no appeal is pending and the time to appeal has expired, that the automatic stay is terminated pursuant to 11 U S C  § 362(d)(1) and (2)  The stay as requested would override the provisions of 11 U S C  § 362(d) and create a shadow automatic stay to exist on grounds outside of what Congress provided under the Bankruptcy Code

Even if the motion was properly before the court and was not in conflict with the Bankruptcy Code, the Nemees have not established that a preliminary injunction is proper against the Bank  Their arguments and contentions go to the dispute they have with the County of Calaveras in other litigation  The Nemees do not address the hardships to the Bank, the impact of more than two years of the automatic stay, and the effect of further delaying the Bank for years of appeals

The Ninth Circuit Court of Appeals has also been clear that it must be shown in this type of situation that the property is necessary to an effective reorganization  The court has determined that the Real Property and Personal Property are not necessary to an effective reorganization in this case  Nothing has been

presented to the court to change that determination   That the
Nemees' desired reorganization includes the Real Property does not
make it an effective reorganization

      The Motion to Reinstated the Automatic Stay is denied   This
memorandum opinion and decision constitutes the court's findings of
fact and conclusions of law   The court shall issue a separate
order consistent with this ruling

Dated  April **19** , 2012

RONALD H  SARGIS, Judge
United States Bankruptcy Court

This document does not constitute a certificate of service   The parties listed below will be served a separate copy of the attached document(s)

David Rishwain
2800 W March Ln #220
Stockton, CA 95219

Dennis Hauser
PO Box 1397
Woodbridge, CA 95258-1397

Janis Elliott
891 Mountain Ranch Rd
San Andreas, CA 95249-9709

Kristin Hagan
1675 Chester Ave #320
Bakersfield, CA 93301

Malcolm Gross
1040 S Mt Vernon Ave #G-316
Colton, CA 92324-4228

Raffi Khatchadourian
15910 Ventura Blvd 12th Fl
Encino, CA 91436-2829

Robert Nelson
4008 Cayente Way
Sacramento, CA 95864

Michael Nemee
9209 Ospital Rd
Valley Springs, CA 95252

Michelle Nemee
9209 Ospital Rd
Valley Springs, CA 95252

Office of the U S  Trustee
Robert T Matsui United States Courthouse
501 I Street , Room 7-500
Sacramento, CA 95814